## MOORE *v.* REID, ET VIR

[No. 132, September Term, 1967.]

*Decided March 5, 1968.*

168

The cause was submitted on the brief to HORNEY, MARBURY, BARNES, McWILLIAMS and SINGLEY, JJ.

Submitted by *Frederick J. Bower* and *McSherry & Burgee* for appellant.

Submitted by *O'Connor & Preston* and *Leroy W. Preston,* and *Edwin F. Nikirk* for appellee.

MARBURY, J., delivered the opinion of the Court.

The sole question on this appeal is whether the motion of the defendant-appellant for a directed verdict at the end of the plaintiff's case renewed at the end of the defendant's case, should have been granted.

On May 17, 1965, the plaintiff-appellee, Bessie C. Reid, was returning home from work traveling in a southerly direction on Maryland Route No. 355 in the village of Urbana, Frederick County. She reached the lane leading to her home at approximately 5:20 p.m. and after turning on her left turn signal light, came to a full stop to wait for an oncoming vehicle to pass so that she could proceed across the highway and into her driveway. She testified that when she stopped she looked in her rear view mirror and that there was nothing coming behind her.

The defendant-appellant, Chester Edward Moore, who was driving a pickup truck traveling in the same direction as Mrs. Reid, collided with the rear of the Reid vehicle while it was standing waiting to make a left turn, driving it 96 feet into a utility pole which was sheared off by the impact. The force of the impact caused Mrs. Reid to sustain multiple cuts and abrasions to her back and head, in addition to a severe cervical strain and injuries to her back and shoulder.

A state police officer, Trooper 1st Class Ronald C. Lewis, who investigated the accident, testified as to the point of impact,

the position that the vehicles were in when he arrived and the statement made to him by the defendant. This statement was to the effect that he, the defendant, was driving in excess of the thirty miles per hour speed limit, that he had consumed four bottles of beer at about 2:00 p.m., and that just before the collision he was "looking out in a field and looked back in the road and saw Mrs. Reid's vehicle was stopped." There was no evidence that the appellant made any effort to stop.

Another witness, Mr. Marion G. Lawson, testified that he was standing about fifteen feet off the road in front of his garage which was near the point of impact, that he "heard this approaching vehicle coming at a speed that was beyond the speed limit in the village and it looked like something was going to happen and he just can't stop and in that instant it was all over."

The case was tried before a jury, Chief Judge Schnauffer presiding. The trial court submitted the case to the jury which returned a verdict for the plaintiffs, Bessie C. Reid and her husband, George C. Reid, appellees here. The defendant made no objection to any of the testimony offered, did not except to the judge's charge to the jury and offered no evidence of any kind. The appellant's position before this Court is that the appellees did not produce sufficient evidence of primary negligence for that question to be submitted to a jury and that the trial court should have granted the defendant's motions for a directed verdict.

We strongly disagree with the argument urged upon us by the appellant. There was ample evidence from which the jury could find that the defendant was negligent and driving recklessly under the circumstances. Among these were his admittedly excessive speed, failure to give full attention to his driving and his failure to keep his vehicle under control. There was abundant evidence indicating that these negligent acts of the defendant were the proximate causes of the accident and the resulting physical injury to Mrs. Reid. By the same token there was nothing to show fault or contributory negligence on the part of Mrs. Reid, whose vehicle was at a full stop, in the proper position to make a left turn, with its left turn signal operating and in plain view of the defendant. As there was an abundance

of uncontradicted evidence of negligence on the part of the defendant we find that the trial court was correct in submitting the case to the jury and that the judgments entered upon the verdict must be affirmed.

*Judgments affirmed, with costs.*